IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIE MITCHELL, | * | |
| Petitioner, | * | Civil Action No. RDB-19-3068 |
| v. | * | Criminal Action No. RDB-04-0029 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On December 10, 2008 Petitioner Willie Mitchell ("Petitioner" or "Mitchell") was found guilty by a jury of all thirteen counts brought against him in a nineteen-count Fourth Superseding Indictment, to wit: one count of Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One);  four counts of Murder in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(1) (Counts Two, Four, Five and Six); one count of Conspiracy to Commit Murder, in violation of 18 U.S.C. § 1959(a)(5) (Count Three); one count of Conspiracy to Distribute Drugs, in violation of 21 U.S.C. § 846 (Count Eight); three counts of Possession of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c) (Counts Nine, Ten and Twelve); and three counts of Possession of a Firearm Resulting in Death, in violation of 18 U.S.C. § 924(j) (Counts Eleven, Thirteen and Fourteen).  (Fourth Superseding Indictment, ECF No. 355; Jury Verdict, ECF No. 583.)

On February 27, 2009, Judge Davis of this Court[1] sentenced Petitioner to a total term

---

[1] Numerous judges of this Court have presided over this case.  The case was initially assigned to Judge Legg, then reassigned to Judge Garbis on February 5, 2004, then to Judge Davis on February 18, 2005, to Judge Motz on January 10, 2013, and finally to the undersigned Judge Richard D. Bennett on March 20, 2018.

of life imprisonment plus sixty years. (Judgment, ECF No. 614.) On June 15, 2011, the United States Court of Appeals for the Fourth Circuit affirmed Mitchell's conviction. *United States v. Mitchell*, 435 F. App'x 174 (4th Cir. 2011). On November 14, 2011, the United States Supreme Court denied a petition for writ of certiorari. *Mitchell v. United States*, 565 U.S. 1044 (2011).

Now pending is Mitchell's third Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (ECF No. 824.) In the Motion, Mitchell claims that he is entitled to relief under *United States v. Davis*, 139 S. Ct. 2319 (2019). Mitchell has failed to obtain the requisite authorization to file this motion. Accordingly, Mitchell's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 824) is DISMISSED WITHOUT PREJUDICE.

The Anti-Terrorism and Effective Death Penalty Act of 1996, effective April 24, 1996, amended 28 U.S.C. § 2255 to require that the filing of a second or successive § 2255 motion must be authorized in advance by "a panel of the appropriate [circuit] court of appeals." 28 U.S.C. § 2255(h); *see also* § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651, 664 (1996); *In re Vial*, 115 F.3d 1192, 1197–98 (4th Cir. 1997) (en banc). Without authorization from the appropriate court of appeals, this Court must deny a second or successive petition for lack of jurisdiction. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

Mitchell has unsuccessfully attempted to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on several occasions. On May 17, 2013, this Court denied Petitioner's first Motion under 28 U.S.C. § 2255. (ECF Nos. 741, 778, 779.) On August 2, 2016, the United States Court of Appeals for the Fourth Circuit denied Mitchell authorization to file a second

or successive § 2255 petition. (ECF No. 814.) On August 1, 2016, Petitioner filed a second § 2255 motion with this Court based on the Supreme Court's decision in *United States v. Johnson*, 135 S. Ct. 2551 (2015). (ECF No. 815.) This Court denied the motion, noting that Petitioner had failed to obtain authorization from the Fourth Circuit. (ECF No. 818.) On November 30, 2018, and September 30, 2019, the Fourth Circuit again denied Mitchell's two subsequent requests for authorization to file second or successive Motions. (ECF No. 823); *In re Willie Mitchell*, Case No. 18-388.

As Mitchell previously has sought relief under 28 U.S.C. § 2255, he must obtain authorization from the United States Court of Appeals for the Fourth Circuit to file a second or successive motion. Mitchell has not provided evidence that he has received the appropriate authorization pursuant to 28 U.S.C. § 2255(h). Therefore, this Court does not have jurisdiction to consider the instant § 2255 Motion. (ECF No. 824.)

Accordingly, IT IS HEREBY ORDERED this 26th day of June, 2020 that:

1. Mitchell's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 824) is DISMISSED WITHOUT PREJUDICE;

2. A Certificate of Appealability shall not issue and is DENIED;

3. Copies of this Memorandum Order shall be sent to the Petitioner and Counsel of record; and

4. The Clerk of the Court shall CLOSE this case (Civil Action No. RDB-19-3068).

/s/
Richard D. Bennett
United States District Judge